**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **MYLENIA RICHARD** | **CIVIL DOCKET NO. 6:23-cv-00913** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **DOLLAR TREE STORES INC.** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") [Doc. 16] filed by Defendant, Dollar Tree Stores, Inc. (hereinafter, the "Defendant" or "Dollar Tree").  Plaintiff, Mylenia Richard, filed an Opposition on May 31, 2024, [Doc. 18], to which Defendant filed a Reply [Doc. 19].  For the reasons that follow, Dollar Tree's Motion is GRANTED.

### BACKGROUND

This lawsuit arises out of an alleged slip and fall accident that occurred in early June 2022 at a Dollar Tree store located at 3015 Veterans Memorial Boulevard, Abbeville, Louisiana.  [Doc. 1-5].  Plaintiff claims that "upon entering the premises [of the Dollar Tree], [she] proceeded to search for items to purchase when suddenly, unexpectedly and without warning, she slipped on a liquid on the floor" and as a result, suffered injuries.  [*Id.*].  On June 1, 2023, Plaintiff timely filed suit in the 15th Judicial District Court for Vermilion Parish, asserting negligence claims as well as strict liability claims under Louisiana Civil Code articles 2322 and 660.  [*Id.*].  On July 11, 2023, Defendant removed the action to this Court based on diversity jurisdiction.  [Doc. 1].

On May 10, 2024, Defendant filed the instant Motion, asserting Plaintiff cannot meet her evidentiary burden under the Louisiana Merchant Liability Act, La. R.S. 9:2800.6 ("LMLA"). Among other arguments, Defendant contends that there is no evidence that an unreasonably dangerous condition or risk existed at the Dollar Tree store. [Doc. 16-2]. In response, Plaintiff urges that genuine disputes of material fact preclude summary judgment. Defendant's Motion is ripe for ruling.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial – and thus a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party ..." *Id.*

## II. Louisiana Merchant's Liability Act

In diversity cases such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). A standard negligence claim under Louisiana law consists of five elements: (1) a duty of care, (2) a breach of that duty, (3) cause-in-fact, (4) legal cause, and (5) damages. *Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 216 (5th Cir. 2024) (citing *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095, p. 7 (La. 3/10/06), 923 So. 2d 627, 633). For slip and fall cases, however, the Louisiana Merchant Liability Act, La. R.S. 9:2800.6 provides additional requirements. Specifically, the LMLA provides:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an

> injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. 9:2800.6. Thus, in this case, the statute requires Plaintiff to prove: (i) the alleged condition on the floor of the Dollar Tree presented an unreasonable risk of harm that was reasonably foreseeable; (ii) Defendant either created or had actual or constructive notice of the alleged dangerous condition; and (iii) Defendant failed to exercise reasonable care. Importantly, the burden of proof in LMLA claims never shifts to a defendant, and if a plaintiff fails to prove any one of those three LMLA elements, the merchant is not liable. *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997). The LMLA's exacting notice requirement "places a heavy burden of proof on plaintiffs." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (quoting *Jones v. Brookshire Grocery Co.*, 847 So. 2d 43, 48 (La. App. 2 Cir. 2003)). Additionally, it is insufficient for a plaintiff to rely on "[m]ere speculation or suggestion." *Bagley*, 492 F.3d at 330 (quoting *Allen v. Wal-Mart Stores, Inc.*, 850 So. 2d 895, 898–99 (La. App. 2 Cir. 2003)).

### a. Unreasonable Risk of Harm

Here, the parties' arguments center on whether Plaintiff can prove the existence of an unreasonably dangerous condition. To determine whether a cited condition presents an unreasonable risk of harm, the Louisiana Supreme Court has adopted a four factor risk-utility balancing test: "(1) the utility of the complained-of condition; (2) the likelihood and magnitude of the harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature." *Bufkin v. Felipe's La., L.L.C.*, 171 So. 3d 851, 856 (La. 2014).

The first element of R.S. 9:2800.6(B) requires the plaintiff to prove that there was a condition that presented an unreasonable risk of harm, and that the risk of harm was reasonably foreseeable. While merchants must exercise reasonable care to protect their patrons and keep their premises safe from unreasonable risks of harm, they are not insurers of their patrons' safety and are not liable for every accident that occurs. *Ton v. Albertson's LLC*, 50,212 (La. App. 2 Cir. 11/18/15), 182 So. 3d 246, writ denied, 15-2320 (La. 2/5/16), 186 So. 3d 1169.

In her Petition, Plaintiff averred that she slipped on a liquid on the floor of the Dollar Tree. [Doc. 16-3, p.1]. In her deposition, Plaintiff testified that she did not know what was on the floor at the time of her fall, that her clothes were not wet after the fall, and that she immediately left after her fall without checking the floor. [Doc. 16-4, pp. 12-14]. Further, in support of its Motion, Defendant submitted surveillance

footage from the Dollar Tree's security camera, asserting that the video clearly shows Plaintiff tripping and falling over her own feet. [Doc. 16-6, *see* manual attachment].

In response, Plaintiff submitted an affidavit in which she stated that she "noticed that the area where she fell the floor was uneven and contained several cracks … and that there was a liquid seeping through the crack and/or indenture that was on the concrete flooring … " and attached pictures of a cracked floor.[1] [Doc. 18-1]. Given this conflicting evidence, Plaintiff argues that the determination of whether an unreasonably dangerous condition existed at the time of Plaintiff's tumble is a mixed question of law and fact and thus should be reserved for the factfinder.[2] However, the Louisiana Supreme Court has squarely rejected Plaintiff's assertion:

> Although the breach of the duty element involves a mixed question of law and fact, summary judgment is not necessarily precluded. Summary judgment, based on the absence of liability, may be granted upon a finding that reasonable minds could only agree that the condition was not unreasonably dangerous; therefore, the defendant did not

---

[1] Defendant contends that these pictures were not produced during discovery and that their submission in response to the Motion for Summary Judgment contradicts Plaintiff's representations during the discovery process that she did not have any pictures of the scene. [*See* Doc. 19-1].

Defendant also asserts that Plaintiff's affidavit is inconsistent with her deposition testimony and therefore precluded by the "sham affidavit doctrine." "Under the sham affidavit doctrine, a district court may refuse to consider statements made in an affidavit that are 'so markedly inconsistent' with a prior statement as to 'constitute an obvious sham.'" *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 472 (5th Cir. 2019) (quoting *Clark v. Resistoflex Co., A Div. of Unidynamics Corp.*, 854 F.2d 762, 766 (5th Cir. 1988)). The purpose of the doctrine is to prevent a nonmoving party from "manufactur[ing] a dispute of fact merely to defeat a motion for summary judgment." *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000). Plaintiff posits that her inconsistent testimony is an issue properly addressed in the jury's assessment of her credibility. Given the availability of video evidence in this matter, the Court affords little weight to Plaintiff's affidavit.

[2] Plaintiff cites *Graupmann v. Nunamaker Family Ltd. P'ship*, 2013-0580 (La. App. 1 Cir. 12/16/13), 136 So. 3d 86.

> breach the duty owed.  In such instance, the plaintiff would be unable to prove the breach element at trial.

*Farrell v. Circle K Stores, Inc.*, 2022-00849 (La. 3/17/23), 359 So. 3d 467, 478. Therefore, this Court wields the authority to make a determination as to whether Plaintiff meets her burden of proof as to the first element of the LMLA.

As the Defendant argues, the security footage contradicts Plaintiff's assertion that a dangerous condition caused her to fall.  Specifically, the video evidence shows Plaintiff's left foot catch behind the heel of her right foot, causing her to fall next to the register. [Doc. 16-6, *see* manual attachment at 00:20-00:30]. "[W]hen a party's testimony 'is blatantly contradicted by the record [such as by a videotape], so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'" *Lacaze v. Walmart Stores, Inc.*, No. CV 20-696-JWD-EWD, 2022 WL 4227240, at *8 (M.D. La. Sept. 13, 2022) (citing *McDowell v. Wal-Mart Stores, Inc.*, 811 F. App'x 881, 883 (5th Cir. 2020) (quoting *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L.Ed.2d 686 (2007)); *See also Guerra v. Bellino*, 703 F. App'x 312, 316 (5th Cir. 2017) ("Video evidence can be dispositive on a motion for summary judgment."); *Scott*, 550 U.S. at 381, 127 S. Ct. 1769 (When the record contains video evidence and the "opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment."); *Hodge v. Engleman*, 90 F.4th 840, 846 (5th Cir. 2024) ("In sum, a court may rely on video evidence to resolve any claimed genuine disputes of material fact and rule on summary judgment.").

After reviewing all of the evidence submitted by the parties and, in particular, the video submitted by the Defendant, the Court finds that there is no genuine dispute of material fact precluding summary judgment as to the first element of the LMLA. The video unequivocally shows Plaintiff's foot catch behind the heel of her right foot, causing her to trip and fall. Because Plaintiff cannot prove an essential element of her LMLA claim, Defendant is entitled to summary judgment.

## III. Strict Liability Claims

Plaintiff also alleges that Dollar Tree is strictly liable for damages caused to her by the ruin of the building under Louisiana Civil Code articles 2322 and 660. [Doc. 16-3, pp. 1 – 2]. In its Motion, Defendant counters that Plaintiff misstates the law because strict liability for damages caused by the ruin of a building was abolished nearly thirty years ago. Plaintiff does not address this argument in her Opposition.

The 1996 Tort Reform eliminated strict liability under Louisiana Civil Code articles 660[3] and 2322[4] and replaced it with a negligence standard. *See* Acts 1996,

---

[3]  Article 660 states,

> The owner is bound to keep his buildings in repair so that neither their fall nor that of any part of their materials may cause damage to a neighbor or to a passerby. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of *res ipsa loquitur* in an appropriate case.

[4]  Article 2322 provides,

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have

1st Ex. Sess., No. 1, § 1, eff. April 16, 1996; *See also* La. Civ. Code arts. 660 and 2322.[5] Louisiana law therefore does not impose strict liability on the Defendant for Plaintiff's claims. Regardless, as stated above, because the Court finds that Plaintiff tripped and fell over her own feet, Plaintiff would be unable to prove that a condition at Dollar Tree caused her damages.[6] Thus, Defendant is therefore entitled to summary judgment.

---

> known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of *res ipsa loquitur* in an appropriate case.

It is also worth noting that the Fifth Circuit has interpreted "ruin" under article 2322 to mean "the fall or collapse of a substantial component of the structure …". *Mott v. ODECO*, 577 F.2d 273, 275 (5th Cir. 1978). Plaintiff makes no allegations of a fall or collapse of a substantial component of the Dollar Tree in her Petition or Opposition.

[5]     *See also Dennis v. The Finish Line, Inc.*, 99–1413, 99–1414, p. 5 n. 8 (La. App. 1st Cir. 12/22/00), 781 So. 2d 12, 20 n. 8, writ denied, 01–0214 (La.3/16/01), 787 So. 2d 319; *Rogers v. City of Baton Rouge*, 04-1001, pp. 4-5 (La. App. 1st Cir. 6/29/05), 916 So. 2d 1099, 1102, writ denied, 05-2022 (La.2/3/06), 922 So. 2d 1187; *Broussard v. Voorhies,* 2006-2306 (La. App. 1 Cir. 9/19/07), 970 So. 2d 1038, writ denied, 2007-2052 (La. 12/14/07), 970 So. 2d 535; *Benjamin v. Housing Auth. of New Orleans*, 2004-1058 (La. 12/1/04); 893 So. 2d 1, n. 5; Broussard v. Voorhies, 2006-2306 (La. App. 1 Cir. 9/19/07), 970 So. 2d 1038, 1042, writ denied, 2007-2052 (La. 12/14/07), 970 So. 2d 535 (citing *Rogers v. City of Baton Rouge*, 04–1001, pp. 4–5 (La. App. 1st Cir. 6/29/05), 916 So. 2d 1099, 1102, writ denied, 05–2022 (La. 2/3/06), 922 So. 2d 1187)) ("A more appropriate term now for liability under La. C.C. arts. 2317.1 and 2322 might be 'custodial liability,' but such liability is nevertheless predicated upon a finding of negligence."); 12 William E. Crawford Louisiana Civil Law Treatise: Tort Law §§ 19.1, 19.2 (2nd ed.1996).

[6]     So too, the Court finds no merit in Plaintiff's argument that *res ipsa loquitur* applies, which she raises in her Opposition. *Res ipsa loquitur* translates to "the thing speaks for itself" and allows for "the inference of negligence on the part of the defendant from the circumstances surrounding the injury." *Linnear v. CenterPoint Energy Entex/Reliant Energy*, 2006-3030 (La. 9/5/07), 966 So. 2d 36, 41 (internal citations omitted). The Louisiana Supreme Court has held that "the doctrine of *res ipsa loquitur* does not apply where the facts are such that one could reasonably infer therefrom that the accident was due to a cause other than the defendant's negligence." *Taylor v. CNA Ins. Grp.*, 300 So. 2d 479, 482 (La. 1974); *See also Sims v. Gibson's of Denham Springs, Inc.*, 205 So. 2d 824, 829 (La. Ct. App. 1967) (stating that *res ipsa loquitur* applies "when the facts as a whole suggest negligence on

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment [Doc. 16] is GRANTED.

IT IS FURTHER ORDERED that all of Plaintiff's claims are DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 10th day of June 2024.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

defendant's part rather than some other factor as the most plausible explanation of the accident."); *Pilie v. Nat'l Food Stores of La., Inc.*, 245 La. 276, 288, 158 So. 2d 162, 166 (1963) (stating the doctrine "will not be applied unless the facts and circumstances indicate that the negligence of the defendant … is the most plausible explanation of the accident."). As previously discussed, the security footage clearly depicts Plaintiff tripping on her own feet and consequentially falling, so the Court finds the doctrine of *res ipsa loquitur* inapplicable to the case at bar.